IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. HARDER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JESSE R. HARDER, APPELLANT.

Filed July 3, 2017.    No. A-16-1156.

Appeal from the District Court for Fillmore County: VICKY L. JOHNSON, Judge. Affirmed in part, and in part vacated and remanded with directions.

Bradley T. Kalkwarf, Fillmore County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

INBODY, RIEDMANN, and ARTERBURN, Judges.

INBODY, Judge.

### INTRODUCTION

Jesse R. Harder appeals his plea-based convictions of attempted child abuse, a Class III felony, and child abuse, a Class IIIA felony. His sole assignment of error on appeal is that the sentences imposed were excessive.

### STATEMENT OF FACTS

Harder was originally charged by information with two counts of first degree sexual assault of a child, Class IB felonies; third degree sexual assault of a child, a Class IIIA felony; and subsequent offense third degree sexual assault of a child, a Class IC felony. This information was later amended to add two counts of child abuse, Class IIIA felonies.

Pursuant to a plea agreement, Harder pled no contest to count I, attempted child abuse of a male juvenile victim causing serious emotional distress, a Class III felony, which occurred prior

- 1 -

to the L.B. 605 amendments; and pled guilty to count II, child abuse of a female juvenile victim, a Class IIIA felony, which occurred after the L.B. 605 amendments. The factual basis provided by the State included exhibit 1, which was the affidavit in support of the arrest warrant which was sealed due to the age of the two victims. The affidavit provided, in general terms, that the male juvenile victim reported that Harder had sexually assaulted him both orally and anally. The State also set forth that the male juvenile victim suffered serious emotional stress requiring counseling as a result of Harder's actions. The sealed affidavit provided evidence that the attempted child abuse occurred in Fillmore County within the timeframe alleged. Further, regarding the child abuse charge, the State set forth in its factual basis that Harder admitted to providing, and smoking marijuana with, the female juvenile victim. The presentence investigation report indicated that the marijuana incident would have occurred in Fillmore County within the timeframe alleged.

At the time of the preparation of the presentence investigation report, Harder was 30 years old with one dependent. Although the PSR indicated in one place that Harder was single, the record indicated that Harder was married to the mother of the victims in this case. Harder's criminal history includes convictions for third degree sexual assault of a child, disturbing the peace, four convictions for possession or use of drug paraphernalia, eight convictions for failure to appear, three convictions for driving under suspension before reinstatement, three convictions for carrying a concealed weapon, three convictions for possession of marijuana (1 ounce or less), two convictions for attempt of a Class IIIA or Class IV felony, and various traffic offenses. Harder's score on the level of service/case management inventory placed him in the very high risk to reoffend. Additionally, he scored as a high risk on the Vermont Assessment of Sex Offender Risk "due to his prior sex offense and the force used in the current offense."

The court sentenced Harder to 19 to 20 years' imprisonment on the attempted child abuse conviction with credit for 243 days served. The court sentenced Harder to 3 years' imprisonment on the child abuse conviction and ordered the sentences to run consecutively. The district court also found that the record showed evidence of sexual penetration and ordered Harder to register as a sex offender for the remainder of his lifetime.

## ASSIGNMENT OF ERROR

Harder's sole assignment of error is that the sentences imposed are excessive.

## STANDARD OF REVIEW

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Smith*, 295 Neb. 957, 892 N.W.2d 52 (2017). An abuse of discretion in imposing a sentence occurs when a sentencing court's reasons or rulings are clearly untenable and unfairly deprive the litigant of a substantial right and a just result. *Id.*

## ANALYSIS

### COUNT I: ATTEMPTED CHILD ABUSE

Harder was convicted of attempted child abuse, a Class III felony, with the offense committed between May 15, 2012, and October 8, 2013, making the offense pre-L.B. 605. At the time of the commission of the offense, a Class III felony was punishable by 1 to 20 years'

imprisonment and/or a $25,000 fine. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014). Harder's sentence of 19 to 20 years' imprisonment is within the statutory sentencing range.

Further, the record shows that the district court reviewed the presentence investigation report and considered the appropriate sentencing factors. Harder received a substantial benefit from his plea agreement, he has an extensive criminal history including a prior conviction for third degree sexual assault of a child, and he was rated as a high risk to reoffend. Based upon these factors, the sentence imposed for his attempted child abuse conviction is not an abuse of discretion.

### COUNT II: CHILD ABUSE

Harder was also convicted of child abuse, a Class IIIA felony, with the events occurring after the L.B. 605 amendments. The court sentenced Harder to a determinate sentence of 3 years' imprisonment on the child abuse conviction.

At the time of the commission of the offense, a Class IIIA felony was punishable by a minimum of nothing and a maximum of 3 years' imprisonment and 9 to 18 months' post-release supervision and/or a $10,000 fine. See Neb. Rev. Stat. § 28-105 (Supp. 2015). However, prior to Harder's sentencing, L.B. 1094 added Neb. Rev. Stat. § 29-2204.02(4) (Reissue 2016), which provides:

> Any sentence of imprisonment for a Class III, IIIA, or IV felony for an offense committed on or after August 30, 2015, imposed consecutively or concurrently with (a) a sentence for a Class III, IIIA, or IV felony for an offense committed prior to August 30, 2015, . . . the court shall impose an indeterminate sentence within the applicable range in section 28-105 that does not include a period of post-release supervision, in accordance with the process set forth in section 29-2204.

L.B. 1094's amendments to § 29-2204.02 "apply to all committed offenders under sentence, on parole, or on probation on or after April 20, 2016, and to all persons sentenced on and after such date." Neb. Rev. Stat. § 83-1,135.02 (Cum. Supp. 2016).

In the instant case, the district court was aware that it was sentencing Harder using the post-L.B. 1094 sentencing guidelines. The court correctly refrained from imposing a period of post-release supervision, but improperly sentenced Harder to a determinate sentence of 3 years' imprisonment. The district court's failure to impose an indeterminate sentence for this offense as required by § 29-2204.02(4) was plain error and requires that we vacate this portion of Harder's sentence and remand to the district court for resentencing. See *State v. Chacon*, 296 Neb. 203, 894 N.W.2d 238 (2017) (finding plain error and remanding for resentencing where the district court's sentence did not comply with § 29-2204.02(4)).

### CONCLUSION

In sum, we find that the district court did not abuse its discretion in sentencing Harder for attempted child abuse and we affirm that conviction and sentence. However, in sentencing Harder for child abuse, the district court erroneously sentenced him to a determinate rather than an

indeterminate sentence. Therefore, we vacate that sentence and remand the cause for resentencing on the child abuse conviction.

AFFIRMED IN PART, AND IN PART VACATED AND REMANDED WITH DIRECTIONS.